Donahue, J.
The petition in error contains numerous assignments of error, but counsel particularly urge upon the attention of this court the following:
First. The probate court erred in overruling defendant’s motion to quash.
Second. Said court erred in not according to defendant a public trial.
Third. ' Said court erred in depriving the defendant of the right to cross-examine a witness for the state.
Fourth. Said court erred in refusing to exclude a witness for state from the court room during the trial.
Fifth. Said court erred in permitting an unreasonable cross-examination of the defendant.
Sixth. Said court erred in admitting in evidence the record of the conviction of the delinquent child named in the affidavit.
The first and most important question urged upon the attention of this court by counsel for plaintiff in error is, that the probate court erred in overruling the motion to quash the affidavit. This motion to quash is of considerable length and *363 assigns eight several reasons why this affidavit should be quashed, the first, second, third, fourth, fifth, sixth and seventh reasons all being directed to the contention’ that the affidavit does not set forth sufficient facts with sufficient certainty and definiteness, but it appears that there are enough facts clearly and definitely stated in the affidavit to charge an offense under Section 1654, General Code. It is perhaps true that some matters are stated in this affidavit in such a general way as not to permit of the admission of any evidence in relation thereto, but these allegations must be treated as mere surplusage, and if-by treating them as surplusage sufficient remains to state an offense then as to these grounds the motion to quash was properly overruled.
The eighth ground of the motion reads as follows : “Eighth. For that in said affidavit, consisting of a single count, there is duplicity, and for that more than one offense is charged against the said defendant, and for that, a multiplicity of separate and distinct offenses is charged therein against the said defendant, among others, namely, the date on or about the first day of March, 1909, which said defendant is alleged to have contriffi uted to the delinquency of the said S — -, constituting a distinct and separate offense, and the 'other days’ between said date and the first day of April, 1910, constituting each a distinct and separate offense and distinct and separate offenses.”
The question raised- by this ground of the motion to quash is not a new one in Ohio. The same principle was involved in the case of Hughes *364 v. The State of Ohio, affirmed by this court in the 77 Ohio St., 640. The case is reported in full in the 9 C. C., N. S., at page 369. This was a prosecution under the Valentine anti-trust law and the indictment charged the defendant with being a trust combination in violation of that law from March 10, 1900, and continuing until March 9, 1903* and further charged violations of said law during that time. Section 4427-4, Revised Statutes, provides that each day of the existence of such unlawful combination constitutes a separate offense, and it was claimed in that case that by reason thereof, the indictment was bad for duplicity, and a motion to quash the same was filed by the defendant, and that motion being overruled a plea in abatement was filed, and that was followed by a demurrer, all of which were overruled by the court. The circuit court affirmed this ruling but reversed for other reasons. The principle involved and the manner of raising the question there is identical with the question raised in this case by the eighth ground of defendant’s motion to quash, except that in this case the defendant did not file any demurrer to the affidavit or any motion in arrest of judgment. It has been * held by this court that a motion to quash an indictment addresses itself to the sound discretion of the court and is never granted except in very clear cases, but the defendant is left to raise the question in a more formal way by demurrer or a -motion in arrest of judgment. It also has been held that the refusal to grant a motion to quash cannot be regarded as a final decision of the question presented thereby when the point is one *365 which if well taken would be available on demurrer or in arrest of judgment. Ex parte Bushnell, 8 Ohio St., 599; Picket v. State, 22 Ohio St., 405.
In no case should a motion to quash be sustained unless the defect or imperfection complained of be of such nature as to tend to the prejudice of the substantial rights of the defendant upon the merits of the case. In the case at bar if the affidavit had fixed one certain positive date alleging that the crime was committed on or about that date, the state would not have been restricted in its proofs to one particular transaction, but might have proved several transactions at or about the date named and then on motion have been required to elect at the close of its evidence as to which transaction it would rely upon for conviction. Therefore, even if the contention of counsel for plaintiff in error be correct, the rights of the defendant could have been .fully protected by a motion to require the state to elect, and the overruling of the motion to quash would not be prejudicial error. The offense herein sought to be charged is, that the defendant did unlawfully contribute to the delinquency of S — , a female child. All the other averments of the affidavit set forth the manner and methods by which he contributed to her delinquency. These acts are not sought to be charged as separate crimes in this affidavit, but rather as a series of acts by which he committed the crime of contributing to the delinquency of this minor child. The crime as charged in this affidavit is in its nature a continuing one. *366 It is predicated upon the fact that S— is a “delinquent child,” and that fact is the first one. necessary to, be proven, for it is only when she, by his aid, inducement and encouragement has become a “delinquent” within the meaning of Section 1644, General Code, that the crime of contributing to her delinquency is complete. Were it not for the provisions qf the section that each day of such contribution to such delinquency should be deemed a separate offense, then it would not be questioned but that all of his acts prior to the filing of the affidavit and reasonably proximate in time to the date named in the affidavit would be taken together as constituting the offense charg-ed. The fact that the statute provides that each day of such contribution to such delinquency shall be deemed a separate offense does not affect the construction of this statute with reference to the first offense of which the defendant may be guilty under its provisions. This defendant might have committed numerous acts that would tend to contribute to her delinquency, yet if these facts failed in their 'purpose, he would not be guilty of an offense within the prohibition of Section 1654, General Code. It is only when by his aid, inducement and encouragement she has become a delinquent within the meaning of the statute that the crime of contributing to her delinquency is complete. After that each subsequent day of contribution to her delinquency is a separate offense, whether defendant be originallv responsible for that delinquency or not.
*367 In charging the first or original offense the affidavit may properly state the same with a continuando covering all that period in which the defendant by his acts and inducements has contributed to the final result or condition of delinquency as defined by the statute. In such case the state would be forever barred from further prosecution of the defendant for any particular act, or any particular day embraced within the time covered by the continuando and all further prosecutions' must be confined to later dates. That the state has charged this crime in this way in this particular case, is not prejudicial to the plaintiff in error, but rather to his benefit, and he cannot be heard to complain that the affidavit groups all these acts as constituting one offense, to-wit, contributing to the delinquency of this child instead of charging each of the acts as a separate contribution and consequently a separate crime.
Nor ,can the plaintiff in error be prejudiced by reason of the testimony that may be introduced in proof of the charge by reason of the numerous acts stated or the period of time covered by the allegations of the affidavit, for as heretofore observed, if the indictment had named a specific date, evidence could have been offered of different transactions reasonably approximate in time to the date named and the plaintiff in error’s only remedy would be by motion to compel the state to elect as to which one of the transactions it would rely upon for conviction.
The principle for which plaintiff in error contends is undoubtedly the correct one, and is fully established, not only by repeated decisions of this *368 court, but by the decisions of the courts of last resort of practically all the states in the Union. He fails, however, to distinguish this case from the reported cases, but predicates his argument upon the presumption that each of the defendant’s acts set forth in this affidavit is necessarily a separate and distinct crime, while it clearly appears from the affidavit that these separate and several acts are not intended to be charged as separate and several crimes, but on the contrary the state-has charged, and the fact may well be, that it required all of these acts to complete the crime with which he is charged, to-wit, not the commission of any or all of the acts, but contributing to the delinquency of a female minor child by these acts. If the affidavit sought to charge an offense for contributing to the delinquency of this child, and a separate offense for each subsequent day he contributed to her delinquency after the first offense, then the contention of plaintiff in error would obtain' and the affidavit would be bad for duplicity, but as it now stands, the affidavit charges but <one distinct, separate and certain crime, and further specifies the manner and method of the commission of this crime by detailing the various acts" done by the defendant, which acts in the aggregate, and not separately or severally, resulted in the crime charged.
With -reference to the second assignment of error, it is only necessary to say that the question is not presented by this record. So far as appears the defendant was granted a public-trial.
The right to cross-examine a witness, or to permit the cross-examination of a witness, or to *369 exclude a witness from the court room during a trial, are all matters within the sound discretion of the trial court, and a reviewing court will not reverse except for an abuse of that discretion. It is, therefore, sufficient to say with reference to the third, fourth and fifth assignments of error that the record does not disclose any such abuse of discretion by the trial court as would justify a reversal of this case.
The record of the conviction of the minor child upon a charge of delinquency was properly, admitted in evidence as tending to show that she was a delinquent child, without proof of which the charge must fail no matter how culpable his acts may be, for if she had not become a delinquent then in the very nature of things he could not have contributed to her delinquency. It is the initial fact to be proven, and the fact to which the evidence offered in the case ought to be first directed, and upon failure of proof of this fact the defendant would have been entitled to his discharge.
It is unnecessary to cover in detail the remaining assignments of error.
This record does not disclose any error prejudicial to the rights of the plaintiff in error, and the judgment of the circuit court is affirmed and cause remanded for execution.
Judgment affirmed. -
Spear, C. T., Davis, Shauck and Price, JJ., concur.